LAFONTAINE ET AL., PLAINTIFFS AND APPELLEES, *v.* LAFONTAINE ET AL., DEFENDANTS (PÉREZ ET AL., APPELLANTS).

APPEAL from the District Court of Arecibo in an Action of Unlawful Detainer.

No. 2448.—Decided March 10, 1922.

UNLAWFUL DETAINER — CLAIM OF ADVERSE TITLE. — The decisions of this court indicate that to a certain extent where a defendant is in possession under a genuine claim of title a court will not render judgment in unlawful detainer, but send the plaintiff to try his title in other ways. But this court has never held that a mere claim of title, without more, would defeat the possessory action of the plaintiff. On the contrary, the general tendency of its decisions is that there must be such a demonstration of possession under an adverse claim of title that would convince the trial court that there was a real issue of title between the parties.

The facts are stated in the opinion.

*Messrs. A. Brusi* and *L. Mercader* for the appellees.

*Mr. A. Suliveres* for the appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants in this case are Vicente Pérez, José Hernández and Joaquín Medina. They were unsuccessful defendants in a suit for unlawful detainer. The court below in its opinion found that the complainant had proved both his title and his possession dating back a number of years and up to the time of the suit, and that the defendants could not continue to occupy the land and could not raise questions tending to destroy the titles of the complainant. The decisions of this court indicate that to a certain extent where a defendant is in possession under a genuine claim of title, a court will not render judgment in unlawful detainer, but send the complainant to try his title in other ways. But we have never held that a mere claim of title without more would defeat the possessory action of a complainant. On the contrary, the general tendency of our decisions is that there must be such a demonstration of possession under an adverse claim of title that would convince the trial court

that there was a real issue of title between the parties. We shall not spend a great deal of time in discussing how much proof is necessary, because we agree with the court under any aspect of the case that the defendants failed to present enough proof of a possession under a claim of title.

Defendant Hernández, perhaps, put up the best case. He said he was a tenant of the Hess brothers and held under them. The proof, however, did not tend to identify the land he held as part of the holdings of the Hess brothers. One of the latter was called and while he said Hernández was his tenant, he did not locate his holding on the land of the complainant claimed, but, on the contrary, said that his land was not contained within the 300 acres object of the suit. Hernández apparently had only been on the property a short time.

The other two defendants, while vaguely attempting to set up a title by extraordinary prescription, showed no possession under a real claim of title, but rather attempted to attack the sufficiency of complainant's title. They did not even file an answer to the complaint and judgment against them could be sustained by this default, as indicated by the court below.

The utmost that these two defendants could show was that they had been on the land for a number of years by the tolerance of the owners. An adverse possession of 30 years was not shown.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.